# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMERICAN NUTRITIONAL CORPORATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> GENISOY FOOD CO., INC., <br><br> Defendant. | 2:09-cv-00574-PMP-RJJ <br><br> **ORDER** <br><br> Genisoy Food Co., Inc.'s Motion for Sanctions for American Nutritional Corporation's Failure to Obey the Court's March 24, 2010 Discovery Order (#34) |

This matter comes before the court on Genisoy Food Co., Inc.'s Motion for Sanctions for American Nutritional Corporation's Failure to Obey the Court's March 24, 2010 Discovery Order (#34). The Court also considered Plaintiff's Opposition (#39) and Defendant's Reply (#44).

## BACKGROUND

This is a contract dispute. The parties entered into an exclusive output contract in November 2005, wherein Defendant, Genisoy Food Co., Inc. (Genisoy), agreed to make Plaintiff, American Nutritional Corporation (ANC), the exclusive manufacturer of certain Genisoy products. Among other things, ANC claims that Genisoy breached by purchasing the contract covered products from another manufacturer for a better price. In its defense, Genisoy claims that ANC breached by failing to comply with material terms of the contract related to the manufacturing process and ingredients.

At a hearing held on March 17, 2010, the Court granted Genisoy's Motion to Compel

(#15) in part, ordering that "there has been a failure by [ANC] to supplement and the court will require plaintiff to provide supplements. Responses by [ANC] were not timely and all those shall be answered without objection. The supplements need to be provided to initial disclosures by 3/31/10." Minutes (#27).

      Genisoy then filed the instant motion arguing that ANC should be sanctioned for failing to comply with the aforementioned order. Genisoy asks the Court to dismiss ANC's complaint or levy another appropriate sanction or sanctions. ANC opposes the motion.

## DISCUSSION

**I. Whether ANC Should be Sanctioned by Dismissing its Complaint**

      If a party "fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders" including the following:

> (I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A). When determining whether case-dispositive sanctions are just under FED. R. CIV. P. 37(b), the court applies a non-mechanical, five factor test. *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). The court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

1  *New Images*, 482 F.3d at 1096; (*quoting Jorgensen v. Cassiday*, 320 F.3d 906, 912
2  (9th Cir. 2003). "What is most critical for case-dispositive sanctions, regarding risk of prejudice
3  and of less drastic sanctions, is whether the discovery violations threaten to interfere with the
4  rightful decision of the case." *New Images*, 482 F.3d at 1097; (*quoting Valley Eng'rs v. Electric
5  Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). The most critical factor is truth. *New Images*,
6  482 F.3d at 1097. "Where a party so damages the integrity of the discovery process that there
7  can never be assurance of proceeding on the true facts, a case dispositive sanction may be
8  appropriate." *Valley Eng'rs*, 158 F.3d at 1058.

9        Genisoy argues that case dispositive sanctions are appropriate because ANC failed to
10 comply with the Court's March 17, 2010 Order (#27). Specifically, Genisoy argues: that ANC
11 failed to produce internal correspondence related to good manufacturing practice programs
12 (GMP), quality control programs (QC), and Hazard Analysis and Critical Control Points
13 programs (HACCP) ANC used for Genisoy products; that ANC failed to produce documents
14 related to ANC's labor costs, overhead, material costs, and profits for Genisoy products; and that
15 the ANC "batch sheet" documents that were produced were impermissibly altered. Defendant's
16 Motion (#34) at 8-13. Genisoy highlights a particular batch sheet, assumably produced
17 unintentionally in duplicate, that shows that ANC is deliberately trying to hide evidence that
18 ANC used "rework" during production in violation of the contract. Defendant's Reply (#44) at
19 4-5.

20       ANC argues that all of the GMP, QC, and HACCP documents specific to Genisoy have
21 already been produced or were to be provided to ANC by Genisoy as part of the contract.
22 Plaintiff's Opposition (#39) at 8. As to documents regarding labor costs and other financial
23 production information specific to Genisoy, ANC argues that the information does not exist, is
24 not tracked, and that ANC is "unaware of any methodology reasonably available from which to
25 make the requested computations." Plaintiff's Opposition (#39) at 7, ll. 6-7. Regarding the
26 batch sheets provided, ANC asserts that the redacted information is not relevant to Genisoy's
27
28       3

1  discovery requests, that it is privileged trade secret information, and implies that Genisoy will
2  provide that information to a competing manufacturer.  Plaintiff's Opposition (#39) at 4-6.  ANC
3  also points out that it provided one unredacted batch sheet.
4        In this case, dispositive sanctions are not appropriate.  ANC's conduct in discovery does
5  not rise to a level where dismissal of ANC's complaint would be a "just order" pursuant to FED.
6  R. CIV. P. 37(b)(2).  A sanction of dismissal would be unfair where a party could not have
7  realized that it was in jeopardy of such a severe sanction if the court finds its discovery posture to
8  be erroneous.  *Valley Eng'rs*, 158 F.3d at 1057.
9        For example, dismissal of a counterclaim was an appropriate sanction where a party
10 violated a court's order not to talk to the media on numerous occasions, was warned not to do so
11 at least twice, lied throughout the course of the litigation about certain files being destroyed in a
12 fire, and the court found that the party knew she was lying about the existence of the files.
13 *Anheuser-Busch v. Natural Beverage Distributors*, 69 F.3d 337, 341-55 (9th Cir. 1995).
14 Dismissal as a discovery sanction was also appropriate where a party attempted to hide the
15 existence of a "smoking gun" memorandum in violation of a court order for over two years, and
16 continued to do so despite several warnings, monetary sanctions, loss of attorney-client privilege,
17 and several trial resettings.  *Valley Engineers Inc. v. Electric Eng'g Co.*, 158 F.3d 1051, 1053-55
18 (9th Cir. 1998).
19       Here, ANC's behavior in discovery does not rise to the level of previous parties whose
20 claims or counterclaims were dismissed for discovery violations.  Genisoy claims that ANC has
21 altered evidence or is trying to hide evidence contained on the batch sheets.  Specifically,
22 Genisoy points to the fact that the vast majority of the batch sheets contain columns that have
23 been covered up, that an ANC employee couldn't definitively identify his own initials, that ANC
24 tried to hide the fact that it used "rework" during some production, that some sheets are missing
25 the third page, and that some batch sheets aren't for Genisoy products.  ANC claims that the
26 redacted information is not relevant to Genisoy's discovery request and that they provided an
27
28                                                               4

1 unredacted batch sheet as a reference.

2 Nothing Genisoy points out supports its assertion that ANC's actions have so "damage[d]
3 the integrity of the discovery process that there can never be assurance of proceeding on the true
4 facts." *Valley Eng'rs*, 158 F.3d at 1058. Over one thousand pages of batch sheets were provided.
5 Out of those sheets, one, buried in the middle, happened to be unredacted. Batch Sheets at
6 RMI00537-38, Attached as Exhibit D to Defendant's Motion (#34). Some batch sheets showed
7 that ANC used rework, allegedly not permissible under the contract.[1] Batch Sheets at
8 RMI00143, 146, 149, 168, Attached as Exhibit D to Defendant's Motion (#34). Taking into
9 account the volume of documents produced, it is no wonder that some documents are disclosed
10 that should not be and that some documents are left out. There is nothing to indicate that any of
11 these anomalies in production, besides the redaction, are intentional. Therefore, dismissal is not
12 an appropriate sanction.

13 However, ANC was ordered to produce the batch sheets with no objections. Minutes of
14 Proceedings (#27). ANC redacted the batch sheets, arguing that the information "was of no
15 interest" to Genisoy and that it was trade secret information. This objection contravenes the
16 Court's previous order and will not be entertained. Therefore, ANC will be ordered to produce
17 unredacted batch sheets forthwith. ANC is also warned that further violations of this Court's
18 orders will not be sustained.

19 Though ANC's complaint will not be dismissed, the Court sees fit at this time to sanction
20 ANC for its failure to comply with the Court's discovery order. ANC will be required to pay
21 reasonable expenses, including attorney's fees, caused by its failure to comply. FED. R. CIV. P.
22 37(b)(2)(C). This will include Defendant's costs in bringing its Motion for Sanctions (#34), any
23 costs related to examining the unresponsive discovery, and any other related costs. The court
24 does not find that the failure of ANC to comply with the court Order (#27) was substantially

---

[1] Page one of this particular sheet was disclosed twice on RM00143 and RMI00144. The word "rework" happened to be covered on RMI00144 and not on RMI00143. Nothing indicates this was intentional. Rework also appears on a number of other batch sheets. (See above).

justified or that other circumstances make an award of expenses unjust.  Counsel for Genisoy will submit an affidavit within fourteen days of the issuance of this order containing an itemized accounting of all relevant fees and costs for the Court's approval.

Furthermore, discovery will be reopened for sixty days for Genisoy only, to allow it to conduct any previously requested discovery, including depositions, that was delayed, impractical, or impossible due to ANC's failure to produce the unredacted batch sheets.

Any further violations by ANC may result in dismissal, the preclusion of defenses, or any other just sanction.

## **CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Genisoy Food Co., Inc.'s Motion for Sanctions for American Nutritional Corporation's Failure to Obey the Court's March 24, 2010 Discovery Order (#34) is **GRANTED** in part.

IT IS ORDERED that ANC will produce complete, unredacted copies of the batch sheets on or before April 8, 2011.

IT IS FURTHER ORDERED that ANC will pay reasonable expenses, including attorney's fees, caused by its failure to comply.  FED. R. CIV. P. 37(b)(2)(C).  Counsel for Genisoy will submit an affidavit on or before April 15, 2011, containing an itemized accounting of all relevant fees and costs for the Court's approval.

IT IS FURTHER ORDERED that  discovery will be reopened for 60 days from the issuance of this ORDER as to Genisoy only, to allow it to conduct any previously requested discovery, including depositions, that was delayed, impractical, or impossible due to ANC's failure to produce the unredacted batch sheets.

DATED this 31st day of March, 2011.

ROBERT J. JOHNSTON
United States Magistrate Judge